IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WILSON<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS WOLF,<br><br>*Defendant*. | Case No. 2:20-cv-04560-JDW |

## **MEMORANDUM**

Steven Wilson wants the Court to know that he disagrees with the Court's decision dismissing his case without prejudice. Although he does not say as much, he appears to want the Court to reconsider its decision. But Mr. Wilson does not satisfy the heavy burden of demonstrating that reconsideration is appropriate. The Court will deny Mr. Wilson's invitation to revisit his arguments.

**I.    BACKGROUND**

Mr. Wilson operates a sports medicine injury prevention business in Philadelphia. He claims that Governor Wolf's Executive Orders responding to the Covid-19 pandemic shut down his business because the orders closed all public parks and recreation facilities and prohibited sporting events. As a result, on September 15, 2020, Mr. Wilson filed a *pro se* Complaint against Governor Wolf "in his official capacity as Governor of the Commonwealth of Pennsylvania." (ECF No. 1.) He seeks damages for violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983.

On Januaury 27, 2020, the Court issued a Memorandum and Order granting Commonwealth's Motion to Dismiss. The Court held that the Eleventh Amendment bars Mr.

Wilson's damages claims because Mr. Wilson has sued Governor Wolf in his official capacity. The Court explained that none of the the three exceptions to state sovereign immunity applied to this case. The Court also determined that the Pennsylvania Constitution is not a contract. As a result, the Court dismissed Mr. Wilson's Section 1983 claims without prejudice and instructed him to file an Amended Complaint by February 19, 2021.

On February 9, 2021, Mr. Wilson filed a Memorandum in Response to Judge Wolson's Memo. (ECF No. 13.) In it, Mr. Wilson argues that the Court made numerous errors in its decision. The Court will therefore treat Mr. Wilson's filing as a reconsideration motion.

## II.     ANALYSIS

The "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). Motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp.2d 732,744 (E.D. Pa. 2007) (quote omitted). Indeed, it is "improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotes omitted). Nothing in Mr. Wilson's submission satisfies this heavy burden.

First, Mr. Wilson argues that the Court made a factual error because Mr. Wilson sued "Thomas W. Wolf in all capacities" and not just in his official capacity. (ECF No. 13 at 2.) Mr. Wilson explains that his civil complaint application included an "'et al'[which] means 'all other persons or capacities'" and which Mr. Wilson argues included Mr. Wolf in his individual capacity. (*Id.*) But that's not what Mr. Wilson's Complaint says. Rather, on the first page of his Complaint, in the space where Mr. Wilson was to indicate "the full name(s) of the defendant(s)," Mr. Wilson stated that he is suing "Thomas W. Wolf in his official capacity as Governor of the Commonwealth of Pennsylvania." (ECF No. 1 at 1.) He also repeated this in the body of the Complaint. (*Id.* at III. C.) Mr. Wilson's oblique use of "et al." in the caption does not change what he pled in the body of his Complaint, and he cannot use the present motion to raise new theories with the benefit of the hindsight he gets from seeing the Court's analysis. *See, e.g., Knipe v. SmithKline Beecham,* 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) ("Motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). If Mr. Wilson has a legal basis to sue Governor Wolf in his individual capacity (a big "if"), then he may do so by filing an amended complaint.

Second, Mr. Wilson argues that the Court erred by not finding that the Commonwealth "waived sovereign immunity upon request of Federal disaster relief funding as well as accepting Federal CARES Act fund." (ECF No. 13 at 2.) That argument reflects Mr. Wilson's fundamental misunderstanding of the way that waivers of sovereign immunity work. In some instances, when Congress enacts legislation pursuant to its spending power, it may attach conditions on the receipt of federal funds that, in essence, create a contract between the federal government and the state recipient. *Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012). As a result, the statute could subject

3

the state to liability in a private cause of action as a condition of funding. *Id*. But the Federal CARES Act is not such a statute. The Commonwealth did not waive its sovereign immunity by accepting the CARES Act funding. And certainly not for claims that arise out of alleged contract disputes.

Mr. Wilson's remaining arguments are likewise without merit. Mr. Wilson argues that the Pennsylvania Constitution is a contract, which is the same argument he made in response to the original motion. Mr. Wilson disagrees with the Court's interpretation of the law. But the fact is the Court already concluded that the Pennsylvania Constitution is not an enforceable contract. The Court will not revisit its earlier analysis. More generally, Mr. Wilson argues that "many of the statutes and interpretation of law have been provided by Judge Wolson, and not the Defendant's counsel." To the extent that the Court's Memorandum included greater detail than the Commonwealth's brief, the Court construed Mr. Wilson's pleading liberally, as required with *pro se* litigants, and it analyzed issues raised by both Parties.

### III. CONCLUSION.

The Court analyzed Mr. Wilson's claims liberally. It saw no basis for Mr. Wilson's arguments, but it allowed Mr. Wilson to file an amended complaint to correct the errors. Mr. Wilson may still do so, but the Court will not reconsider Mr. Wilson's original complaint anew. Going forward, Mr. Wilson should bear in mind the heavy burden for reconsideration and should not treat the Court's memoranda as an invitation for a response. The Court will deny Mr. Wilson's motion. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON**
United States District Judge

February 10, 2021