IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WILSON<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS WOLF,<br><br>*Defendant.* | Case No. 2:20-cv-04560-JDW |

### MEMORANDUM

Steven Wilson wants Pennsylvania Governor Tom Wolf to pay for the business losses that Gov. Wolf caused when he ordered Mr. Wilson's business closed in response to the Covid-19 pandemic. To get paid, Mr. Wilson sent Gov. Wolf a bill. To no one's surprise, Gov. Wolf neither paid nor responded to the bill. (The Court suspects that even Mr. Wilson wasn't surprised; he was spoiling for a fight.) Mr. Wilson has sued Gov. Wolf. His latest complaint asserts state law claims against Gov. Wolf. But Pennsylvania has extended its sovereign immunity doctrine to Gov. Wolf, and that doctrine protects Gov. Wolf from Mr. Wilson's claims. The Court will therefore dismiss Mr. Wilson's claims.

**I.      BACKGROUND**

   **A.      Pennsylvania COVID Closure Orders Close Mr. Wilson's Business**

Mr. Wilson operates "Tape Me Up LLC," a sports medicine injury prevention business in Philadelphia. His business relies on athletes' participation in sporting events and outdoor athletic activities. On March 19, 2020, Governor Wolf issued an Executive Order in response to the Covid-19 pandemic that classified certain businesses as "life sustaining" and prohibited the operation of non-life-sustaining businesses. Tape Me Up did not qualify as a life-sustaining business. Then, on April 1, 2020, Governor Wolf issued another Executive Order that required Pennsylvania residents

to stay at home. That order expired on June 4, 2020. The Court will refer to these Orders together as the "Covid Orders." According to Mr. Wilson, the Covid Orders shut down his business because they closed all public parks and recreation facilities and prohibited sporting events.

### B. Mr. Wilson's Attempts To Bill The Governor

Mr. Wilson determined that Governor Wolf had to compensate him for his business losses. He charged the Governor $2,000 for each day from April 1 to June 4 (65 days) and added 6% sales tax. The total was $137,800. On July 6, 2020, Mr. Wilson mailed Governor Wolf a bill for the amount he determined the Governor owed him. He got no response, so he sent the invoice two more times. On September 15, 2020, he sent a final notice. He received no payment in response to these mailings.

### C. Procedural History

On September 15, 2020, Mr. Wilson filed a *pro se* Complaint, asserting claims under federal law. The Court dismissed claims the claims that Mr. Wilson asserted but offered him the opportunity to file an amended complaint. He did so, asserting claims against Gov. Wolf for breach of contract (Count I), breach of fiduciary duty (Count II), and breach of trust (Count III). When he first filed the Amended Complaint, Mr. Wilson asserted claims against Gov. Wolf in his official capacity (ECF No. 16, ¶ 7), but he later revised it to assert the claims against Gov. Wolf in his "personal capacity" (ECF No. 18, ¶ 7). Gov. Wolf has moved to dismiss the Amended Complaint on the ground that sovergin immunity bars Mr. Wilson's claims.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When Mr. Wilson filed this action, he asserted claims under federal

law, so the Court had subject matter jurisdiction. *See* 28 U.S.C. § 1331. The Amended Complaint only asserts state law claims, but that does not destroy the Court's subject matter jurisdiction. Where a state law claim really and substantially involves a dispute or controversy involving the interpretation of federal law, federal question jurisdiction exists as long as the state-law claim necessarily raises a stated federal issue that is subject to an actual and substantial dispute. *See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Mr. Wilson bases his breach of contract claim on his allegation that 48 CFR § 552.232-25 compelled Gov. Wolf to pay his bill and that Gov. Wolf's failure to do so violated those regulations. That allegation requires the Court to determine an issue of federal law in order to resolve the breach of contract claim. The Court therefore has subject matter jurisdiction.

Gov. Wolf argues that the Court lacks subject matter jurisdiction because the regulations do not create a cause of action and do not apply to Mr. Wilson's claim in any event. But the Court cannot consider the merits of the claim in order to decide its subject matter jurisdiction. Instead, the Court has to have subject matter jurisdiction so that it can decide whether the regulations apply.

**B.     Sovereign Immunity**

Pennsylvania law cloaks all officials and employees with sovereign immunity when they "act[] within the scope of their duties" unless the General Assembly waives the immunity. 1 Pa.C.S.A. § 2310. The plain language of the statute makes clear that the statute extends to all claims when an official acts in the scope of his employment, even if a plaintiff sues him in his personal capacity. That is, unlike for analysis under the Eleventh Amendment, under Pennsylvania law the sovereign immunity analysis turns on the type of conduct that the complaint alleges. *See Scrip v. Seneca*, 191 A.3d 917, 929 (Pa. Commw. Ct. 2018).

The Amended Complaint makes clear that Gov. Wolf acted in the scope of his official duties when he instituted the Covid Orders. That is, he was not taking private action; he was taking official action. And, of coruse, Gov. Wolf is a Commonwealth official. Section 2310 therefore immunizes Gov. Wolf from Mr. Wilson's claims unless the General Assembly has waived sovereign immunity. And the General Assembly has not waived sovereign immunity for any of the claims that Mr. Wilson asserts.[1]

In his Opposition to Gov. Wolf's Motion, Mr. Wilson complains that the Court cannot have jurisdiction to hear his claims yet bar the claims under the doctrine of sovereign immunity. That argument confuses two, related jurisdictional concepts. The Court has the power to decide if sovereign immunity applies. Because it does, the Court has jurisdiction to decide that Gov. Wolf cannot be liable to Mr. Wilson for the claims Mr. Wilson asserts.

### III. CONCLUSION

Mr. Wilson's desire to have Gov. Wolf make him whole for the losses he suffered from government-ordered shutdowns is understandable. But it's not legally enforceable. Pennsylvania has extended sovereign immunity to Gov. Wolf, and that immunity bars Mr. Wilson's claims.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON**
United States District Judge

March 23, 2021

---

[1] Though the parites have not raised it, it appears that high official immunity also bars Mr. Wilson's state law claims against Gov. Wolf. *See Feldman v. Hoffman*, 107 A.3d 821, 826 (Pa. Commw. Ct. 2014), *appeal deined* 121 A.3d 497 (Pa. 2015).